UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

FILED
NOV 13 2014
ELIZABETH A. SHUMAKER
Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-2180 |
| Plaintiff/ Applellee | |
| v. | |
| KENT CARTER, et. al. Defendant/Appellant | |
| | Appellant/Petitioner's Opening Brief |

APPELLANT/PETITIONER'S OPENING BRIEF

1.  **Statement of the Case.**

**ON May 3, 2012 the UNITED STATES OF AMERICA, on the behalf of IRS, a filed a suit to foreclose on Kent R. Carter's property in Carlsbad New Mexico.**

**The properties are his residence, which is a used single wide mobile home on five acres, where he has lived of 17 years. Two other properties are fixer uppers, one on Edwards St. and one on Lake St., which the Plaintiff kept referring to as the "Lake Property".**
**The IRS claims assessments, interest and penalties for the years 1995-2001 totaling $874,712.**

**Page 1**

Appellant  Kent Carter tried for over 10 years to settle with the IRS without success. Each time certified letters were sent to Michael J, Pryor, revenue agent, and other offices, asking how Pryor derived at assessments or interest or penalties, only silence was the result plus double interest and penalties on the next tax bill.  Appellant has over 30 FOIA's, and three tubs of certified letters that were never answered by  the IRS.

 In December 2007, Carter filed a law suit  against Revenue Agent Pryor, but it was dismissed because the DOJ claimed the Complaint was sent to the wrong Supervisor, therefore Carter did not exhaust all of his administrative remedies before filing the suit.

An IRS "pseudonym " with initials T. W. Lyons sent a 100% garnishment for Carter's Social Security for the last three years. This garnishment has no signature at all, only TW Lyon typed in where there should be a written, Supervisor approval. In July 2012, Carter filed a REQUEST FOR INJUNCTIVE RELIEF in this case. Judge Brack denied it.

Kent Carter filed, June 26, 2014, a  MOTION FOR RECONSIDERATION AMENDED FINAL ORDER stating the fact that standing was never proven on the record. To recommend a suit to foreclose on a  principal residence, a District Director has to approve in writing.

Carter, believes Michael J. Pryor recommended this suit to the DOJ. He has no authority do this and this is a jurisdictional issue. The party invoking Federal Jurisdiction has to prove standing. Appellee produced no evidence the Area Director gave his written  permission to file this case.

Appellant, Kent R. Carter  denied jurisdiction when answering this complaint.


2.   Statement of Facts Relevant to the Issues Presented for Review

This appeal does not go to the merits, but ask this Court to consider whether the District Court lacked jurisdiction when there was no standing to bring this suit against Appellant  Kent R. Carter.

Standing required written approval of the IRS District Director to be on the record.

Page 2

A-12 Appellant/Petitioner's Opening Brief

**3. Statement of Issues.**

**a.     First Issue: The Attorneys for the Plaintiff could not have filed this case without written approval of the Area Director, yet there was never any evidence that they had required written approval.  An IRS field agent or a  pseudonym (T.W. Or Tim Lyons)  cannot recommend a foreclosure of a principal residence.**

**This is in violation of federal law. ( 1998 Taxpayer's Bill Of Right's Ill )**

**Argument and Authorities: 1. Does appellee/respondent have standing to bring this suit without required written authority from an IRS area Director, as required by Federal Law?**

Public Law 105-206
also known as  Internal Revenue Service Restructuring and
Reform Act of 1998 III

**Subpart A--Approval Process**

SEC. 3421. APPROVAL PROCESS FOR LIENS, LEVIES, AND <<NOTE: 26
USC 6301
            note.>> SEIZURES.

    (a) In General.--The <<NOTE: Procedures.>> Commissioner of
Internal
Revenue shall develop and implement procedures under which--
            (1) a determination by an employee to file a notice
of lien
        or levy with respect to, or to levy or seize, any
property or
        right to property would, where appropriate, be required
to be
        reviewed by a supervisor of the employee before the
action was
        taken;

**A-12** Appellant/Petitioner's Opening Brief

and also:

**25.3.2.4.5.2 (06-01-2010)**
**Suit Referrals Involving a Principal Residence**

1.      There are two options for collecting against the principal residence of the taxpayer, or property owned, but not occupied by the taxpayer, and occupied as the principal residence of the taxpayer's current or former spouse or the taxpayer's minor child:

a. A proceeding to obtain a court order allowing administrative seizure of a principal residence

under IRC § 6334(e), or

*B. a suit to foreclose the federal tax lien against a principal residence under IRC § 7403.*

2. These two options cannot be used concurrently. See IRM 5.17.4.9, *Proceeding to Seize a Principal Residence.* The narrative report should explain why one option is being recommended over the other. See IRM 5.17.4.8.2, *Issues to Consider When Recommending an Action to Foreclose a Tax Lien,* and IRM 5.10.2.17, *Securing Managerial Approval of Seizure Actions,* and IRM 5.10.2.18, *Judicial Approval for Principal Residence Seizures.*

3. **Written approval by the Area Director must be obtained for either a suit recommendation for judicial approval of a principal residence seizure or a lien foreclosure of property used as a principal residence.** Area Director signature on Form 4477 is adequate written approval.

In 1998, Congress passed federal law to shield Americans from being thrown out of their homes without written appoval of area director .

**b.      Second Issue: When Standing is challenged, does the party invoking federal jurisdiction have to prove Standing on the record?**

**Argument and Authorities:**
**The issue of standing to bring a claim is considered a component of subject-matter jurisdiction and analyzed under Fed.R.Civ.P. 12(b)(1)**

**Page 4**

The party asserting the existence of subject matter jurisdiction bears the burden of proving such jurisdiction exists, including the burden of demonstrating adequate standing. *Hydro Resources, Inc. v. E.P.A.,* 562 F.3d 1249, 1258 (10th Cir. 2009); *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002).

4.   Do you think the district court applied the wrong law?  If so, what law do you want applied? N/A

5.   a. All the facts in this cases were presented and and sworn by affidavit of Carter, and were never disputed by anyone with first hand knowledge.

b. Garnishment of 100% of Kent Carter's social security continued during this case and for the last three years. Nothing was applied to this alleged tax debt of $874,712 and  has   now grown to $ 889,256.71, as of June 10 2013. (Amended Final Judgment)

c. Appellee's Motion For Summary Judgment was sent in disarray, not stapled  and mixed with irrelevant discovery that had already been sent. Appellant did not realize what it was and failed to answer.

d. NEW MEXICO DEPT. OF REVENUE asked to be dismissed from this case because it was clearly past the statue of limitations, but has refused to remove their Notices Of Liens.

e. This case was filed past the 10 year statue of limitations for collection.

6.   District court failed to consider important grounds for relief because standing is a jurisdictional issue and can be brought up at any time, even on appeal.

The standing to sue doctrine is a jurisdictional issue which concerns power of federal  courts to hear and decide cases. The doctrine is not concerned with  ultimate merits of a case.[Washington Utilities & Transp. Com. v. FCC, 513 F.2d 1142 (9th Cir. 1975)

Page 5

A-12 Appellant/Petitioner's Opening Brief

**7. District court's judgment was wrong in not addressing the Motion For Reconsideration,(Document 66) which was not rehashing old issues, but was one of jurisdiction and standing.**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction "at any stage in the litigation."   Arbaugh v. Y & H Corp., --- U.S. ----, 126 S.Ct. 1235, 1240, 1244, 163 L.Ed.2d 1097 (2006).

**8.   For justice to be served, Appellant Kent Carter is asking this court to reverse District Courts FINAL AMENDED JUDGMENT and dismiss is case because of  lack of standing without District Director's approval.**

**9.   No oral arguments are requested.**

_11 - 5 - 14_
Date

_Kent Carter_ (signature)
Kent R. Carter
P.O. Box 5033
Carlsbad New Mexico 88220
575-302-7340

Page 6

A-12 Appellant/Petitioner's Opening Brief

## CERTIFICATE OF SERVICE

I hereby certify that on ___11- 5 -14___ I, Kent R. Carter
served a copy of                          (date)

the Appellant/Petitioner's Opening Brief to [counsel for/or appellee/respondent]
MOHA P. YEPURI,
ANDREW L. SOBOTKA
ATTORNEY, TAX DIVISION
DEPT. OF JUSTICE
717 N. HARWOOD SUITE 400
DALLAS TEXAS 75201
214-880-9736/67
**214-880-9742 (FAX)**

GRETCHEN M. WOLFINGER
Appellate Section
PO B 502
WASHINGTON, D.C. 20044

by ~~certified mail.~~ /RST CLASS MAil

___11-5-14___
Date

Kent R. Carter
P.O. Box 5033
Carlsbad, New Mexico 88220
575-302-7340

## CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my
Appellant/Petitioner's Opening Brief is 30 pages or less.

___11-5-14___
Date                          Kent R. Carter

Page 7

A-12 Appellant/Petitioner's Opening Brief